**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

**UNITED STATES OF AMERICA**

**v.**                                          **Case No. 8:22-cr-431-SDM-AAS**

**DYLAN JOSEPH THIBODEAU**

_____/

**ORDER**

Before the Court is Mr. Thibodeau's Motion Raising Competency (Doc. 20). On February 1, 2023, the Court conducted a hearing pursuant to 18 U.S.C. § 4241(d). Prior to the hearing, Mr. Thibodeau was examined by Dr. Amy Gambow, a licensed clinical psychologist. As stated in her written report, Dr. Gambow determined that Mr. Thibodeau suffers from a mental defect that renders him unable to adequately understand the nature and consequences of the proceedings against him. Dr. Gambow recommended that Mr. Thibodeau be found incompetent to proceed and committed to the custody of the Attorney General for further evaluation and treatment to restore competency. At the February 1, 2023 hearing, no party contested Dr. Gambow's findings and opinion and both parties agreed that Mr. Thibodeau should be committed to the custody of the Attorney General for further evaluation and treatment to restore competency.

Upon review of Dr. Gambow's report and having considered the matter, I find by a preponderance of the evidence that Mr. Thibodeau is presently suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense. It is therefore

**ORDERED**:

1. The Motion Raising Competency (Doc. 20) is **GRANTED**;

2. Dylan Joseph Thibodeau is hereby **REMANDED** to the custody of the Attorney General for treatment in a suitable hospital facility for such a reasonable period of time, not to exceed four months, as is necessary to determine whether there is a substantial probability that in the foreseeable future Mr. Thibodeau will attain the mental capacity to permit the proceedings to go forward;

3. The parties shall furnish to the designated institution a copy of Dr. Gambow's report and any other pertinent information;

4. The director of the facility designated by the Attorney General shall report to the Court Mr. Thibodeau's status within this period. If necessary, this Court will entertain a request for an additional

reasonable period of commitment as authorized under 18 U.S.C. § 4241(d)(2); and

5.   If the director of the facility in which Mr. Thibodeau is hospitalized determines that he has recovered to such an extent that he is able to understand the nature and consequences of the proceedings against him and to assist properly in his defense, the director shall promptly file a certificate to that effect with the Clerk of the Court; and

6.   If Mr. Thibodeau has recovered to such an extent that he is able to understand the nature and consequences of the proceedings against him and to assist properly in his defense but the facility recommends medication, the U.S. Marshall shall insure that he remains on any prescribed medications once released from the designated facility and returned to the United States District for the Middle District of Florida, including during transportation.

**ORDERED** at Tampa, Florida, on February 2, 2023.

Amanda Arnold Sansone

AMANDA ARNOLD SANSONE
United States Magistrate Judge

3